FULGHUM *v.* CARRUTHERS, executor.

In strict law, where a plaintiff has a suit pending against the defendant in the character of executor, all proceedings in other courts intended to create evidence to be used in such suit should be against him in the same character, and not in the character of administrator, inasmuch as an executor represents primarily the devisees and legatees, and the administrator represents the heirs at law. This court will not reverse the judgment of nonsuit, it not appearing that the plaintiff would be remediless by bringing another action.

July 8, 1891. By two Justices.

Parties. Practice. Executors and administrators. Nonsuit. Before Judge ROBERTS. Pulaski superior court. November term, 1890.

Reported in the decision.

JORDAN & WATSON and PATE & WARREN, by brief, for plaintiff.

L. C. RYAN and MARTIN & SMITH, for defendant.

SIMMONS, Justice.

Fulghum brought ejectment against J. W. Carruth-

ers for a lot of land in Pulaski county. After the suit was brought, Carruthers died. T. L. Carruthers was appointed his executor, and as such was, by consent of the parties, made defendant in place of his testator. It seems that the lot of land formerly belonged to one Rainey, of Meriwether county, and William Boyd as administrator of Rainey had sold the land as wild land at private sale, professing to have an order of the ordinary of Meriwether county authorizing him so to do. But the order authorizing Boyd, the administrator, to sell, was not upon the minutes of the court of ordinary of Meriwether county. It was necessary to have a certified copy of this order before the plaintiff could introduce his deed in evidence. After the plaintiff's counsel had agreed to make T. L. Carruthers a party defendant as executor, they petitioned the ordinary of Meriwether county, asking the entry *nunc pro tunc* of a certain order alleged to have been granted by the ordinary to Boyd to sell the wild lands of Rainey's estate. To this petition was attached a copy of the alleged order, bearing date October 4th, 1869. It was filed with the ordinary on April 7th, 1890, and he granted an order citing T. L. Carruthers, as administrator, to appear before him on the first Monday in May, to show cause why the petition of Fulghum should not be granted, and this petition was served on T. L. Carruthers as administrator of J. W. Carruthers, on the 14th of April, 1890. At the May term, 1890, of the court of ordinary of Meriwether county, an order was granted entering the alleged order on the minutes *nunc pro tunc*. Certified copies of all the above proceedings accompanied the deed and were tendered in evidence with it; and on objection by the defendant the court rejected the deed and certified transcript of the record as evidence. The plaintiff introducing no further testimony, the court granted a nonsuit. The rejection of the tendered evidence is the only question involved.

It was not error to reject the evidence offered. The plaintiff commenced his suit against J. W. Carruthers, and consented, after his death, that his son should be made a party defendant as executor. After this consent he commenced proceedings in the court of ordinary of another county to create evidence to be used on the trial of the ejectment case in Pulaski county. Instead of the proceedings against Carruthers in the court of ordinary being commenced against him as executor, they were commenced against him as administrator. Where a party commences suit in one county against a person in the capacity of executor, and wishes to create evidence by having a judgment in a court of another county entered *nunc pro tunc* to be used in the former suit, he should proceed against him in the same capacity in which he was made defendant to the original suit. The suit in Pulaski was against him as executor; the judgment granting the order *nunc pro tunc* in the court of ordinary of Meriwether county was against him as administrator. The suit in ejectment being against him as executor, the evidence offered, showing that he was administrator, was not admissible. The office of executor is different from that of administrator. The executor represents the devisees and legatees, and the administrator represents the heirs at law. Fulghum and his counsel agreed to make the defendant a party as executor, and it seems to have been negligence on their part that the evidence was procured against him as administrator. We therefore will not reverse the judgment granting a nonsuit, especially as it does not appear that Fulghum would be remediless by bringing another action.

*Judgment affirmed.*